UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marita Santos, | |
| Plaintiff, | Case No. 1:24-CV-04215 |
| v. | |
| West Suburban Nursing and Rehabilitation Center, LLC, | Judge John Robert Blakey |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Marita Santos sues her former employer, West Suburban Nursing and Rehabilitation Center, LLC ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"). [15] ¶ 1. Defendant moves to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6) and 12(c). For the reasons explained below, this Court grants in part, and denies in part, Defendant's motion [17].

## I. Amended Complaint Allegations

Plaintiff's First Amended Complaint alleges the following facts.[1] Defendant West Suburban Nursing and Rehabilitation Center, located in Bloomingdale, Illinois, is a nursing home. [15] ¶ 7. On or about October 29, 2001, Defendant hired Plaintiff as an employee. *Id.* ¶ 8. Throughout her employment, Plaintiff alleges she performed

---

[1] The Court draws the facts from Plaintiff's First Amended Complaint, [15], which will be taken as true for purposes of resolving the motion to dismiss. *See Killingsworth v. HSBC Bank Nevada,* 507 F.3d 614, 618 (7th Cir. 2007).

according to Defendant's expectations, and she had no disciplinary record during her employment. *Id.* ¶¶ 12, 13.

In June of 2022, Plaintiff was diagnosed with endometrial cancer. *Id.* ¶ 14. Following her diagnosis, she began treatment for her cancer, which included chemotherapy and surgery. *Id.* ¶ 15. Plaintiff's medical provider told Plaintiff she would be undergoing chemotherapy and under medical surveillance for five years. *Id.*

Plaintiff sought and took leave under the Family and Medical Leave Act ("FMLA") to obtain treatment for her cancer from June 15, 2022, through September 6, 2022. *Id.* ¶ 16. Plaintiff's medical provider recommended restrictions upon her return to work following the conclusion of Plaintiff's leave, including that she refrain from lifting over ten pounds for six weeks starting on November 1, 2022. *Id.*

Following the conclusion of her FMLA leave, Plaintiff contacted Defendant to request leave to continue her cancer treatment. *Id.* ¶ 17. Plaintiff alleges that Defendant failed to respond and subsequently sent her a termination letter on October 5, 2022. *Id.* ¶ 18. In the termination letter, Defendant stated Plaintiff had exhausted her FMLA leave, and Defendant could not continue accommodating her. *Id.* ¶ 19; [15-3].

Following this termination notice, Plaintiff submitted two requests for accommodation through the ADA on October 21, 2022, and in January of 2023. *Id.* ¶ 21. Defendant granted both requests and withdrew the termination notice. *Id.* ¶ 22. As a result, Plaintiff received additional leave through March 6, 2023, to continue cancer treatment. *Id.*

In March 2023, Plaintiff requested more leave time or a return to work with accommodations, either by working from home or returning to work without lifting more than ten pounds. *Id.* ¶¶ 23, 46. Defendant did not respond to Plaintiff's request and on March 6, 2023, terminated Plaintiff after her leave ended. *Id.*

After her termination in March, Plaintiff filed a charge of employment discrimination with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on June 28, 2023, citing her October 5 termination. *Id.* ¶ 3; [15-2]; [15-3]. The IDHR issued Plaintiff a notice of dismissal on March 13, 2024. *Id.*

Plaintiff now sues Defendant for unlawful termination (Count One), unlawful denial of reasonable accommodations (Count Two), and retaliation (Count Three). Defendant moved to dismiss, and Plaintiff filed her Amended Complaint on August 12, 2024, reasserting her claims. Defendant again moves to dismiss all claims for failure to state a claim under Rule 12(b)(6), and for judgment on the pleadings under Rule 12(c).

## II. Legal Standard

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, the Court accepts all factual allegations in the complaint as true and draws all inferences in the plaintiff's favor. *Esco v. City of Chicago*, 107 F.4th 673, 679 (7th Cir. 2024). Courts are not, however,

"obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and allege facts that are "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic" recitations of the elements of a cause of action are not enough. *Id*. The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Esco*, 107 F.4th at 679 (citing *Twombly*, 550 U.S. at 555). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Twombly*, 550 U.S. at 556).

**B.     Rule 12(c)**

Rule 12(c) permits a party to move for judgment on the pleadings after pleadings have closed. Fed. R. Civ. P 12(c). The pleadings include the complaint, the answer, and any written instruments attached as exhibits. *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 312 (7th Cir. 2020) (citing *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)). This Court reviews 12(c) motions under the same standard as a motion to dismiss under 12(b). *Id*. at 313. Accordingly, courts grant a Rule 12(c) motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Id*. To succeed, the moving party must demonstrate that there are no

material issues of fact to be resolved, when the facts in the complaint are viewed in the light most favorable to the nonmoving party. *Id.* The Court is not obliged, however, to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to an unsupported conclusion of law. *Id.*

### III. Analysis

Defendant moves to dismiss all of Plaintiffs' claims, and the Court considers the parties' arguments as to each of the claims below.

#### A. Rule 12(c)

Defendant first brings a motion for judgment on the pleadings, arguing Plaintiff failed to exhaust her administrative remedies as to the March 2023 notice of termination and her subsequent employment termination. ADA plaintiffs must first file a charge with the EEOC before bringing a court action against an employer. *Whitaker v. Milwaukee Cty.*, 772 F.3d 802, 812 (7th Cir. 2014). Plaintiffs are generally barred from raising claims that not already raised in their EEOC charge, unless the claim is "reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Id.* (quoting *Green v. National Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999)). Defendant argues that because Plaintiff only included her October 2022 termination (and not her March 2023 termination in her IHDR charge), Plaintiff did not adequately exhaust her administrative remedies with respect to her employment discrimination claims arising from the later incidents.

5

Defendant properly raised the failure to exhaust administrative remedies under a 12(c) motion. *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 433 (7th Cir. 2006). But Rule 12(c) permits a party to move to dismiss claims only "after the pleadings are closed." Fed. R. Civ. P. 12(c). The pleadings have not closed in this case as Defendants have not answered the First Amended Complaint. *Mosely*, 434 F.3d at 533; *N. Indiana Gun*, 163 F.3d at 452 ("Rule 12(c) permits a party to move for judgment after the parties have filed the complaint and answer").

Because the pleadings have not closed, Defendant's motion for judgment on the pleadings is premature. The Court denies Defendant's Rule 12(c) motion without prejudice.

### B. Unlawful Termination

In Count One, Plaintiff alleges that Defendant unlawfully discriminated against her by terminating her employment due to her disability. To survive a motion to dismiss, a plaintiff bringing a claim under the ADA must allege facts showing that: (1) she is disabled; (2) she is qualified to perform the essential functions of the job with or without reasonable accommodations; and (3) she suffered an adverse employment action because of her disability. *E.E.O.C. v. Lee's Log Cabin, Inc.*, 546 F.3d 438, 442 (7th Cir. 2008).

#### 1. Disability

The ADA defines a disability as: (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C.

6

§ 12102(1). An impairment that is episodic or in remission is also a disability if it would substantially limit a major life activity when active. 42 U.S.C. § 12102(4)(D). Moreover, the regulations to the 2008 amendments to the ADA clarified that the definition of disability should be interpreted broadly. 20 C.F.R. § 1630.1(c)(4).

Here, Plaintiff alleged sufficient facts showing she is disabled. Plaintiff's cancer impairs the operation of her major bodily functions, such as working, lifting, and cell growth, to the point where she must undergo extended medical treatment, including surgery and chemotherapy. Additionally, Plaintiff's condition required her to take a medical leave of absence, limiting her ability to work. Plaintiff's medical provider also recommended that Plaintiff not lift more than ten pounds, restricting her ability to perform certain job-related duties. *See Maxwell v. County of Cook*, No. 10 CV 00320, 2014 WL 3859981, at *3 (N.D. Ill. Aug. 4, 2014) (holding plaintiff alleged sufficient facts to show he was disabled under the ADA because he was prohibited from major life activities like lifting objects, and from performing a class of jobs as compared to the average person having comparable training, skills, and abilities). Thus, Plaintiff easily satisfies this first element.

### 2. Qualified Individual

To fall under the protection of the ADA, Plaintiff must also be a "qualified individual with a disability." *Duda v. Board of Educ. of Franklin Park Public School Dist. No.* 84, 133 F.3d 1054, 1058 (7th Cir. 1998). To be "qualified," the ADA requires that she be "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment condition that

7

such individual holds or desires." *Id.* To satisfy this, Plaintiff must meet two prongs. First, she must have the "requisite skill, experience, education and other job-related requirements of the employment position she holds or desires." *Id.* Second, she must be able to perform the essential functions of her position with or without accommodation. *Id.* This determination should be based upon the individual's capabilities at the time of the employment decision. *Id.*

Here, Plaintiff worked for Defendant for over twenty years, from October 2001 until her termination in March 2023. Throughout Plaintiff's tenure, she performed according to Defendant's legitimate expectations, and the termination notice from March 2023 does not refer to any performance issues. Additionally, Plaintiff expressed a willingness to return to work in March 2023 upon the conclusion of her medical leave. Accordingly, Plaintiff meets the first prong of a "qualified individual." *See Winkfield v. Chicago Transit Authority*, 435 F.Supp.3d 904, 910 (N.D. Ill. 2020) (holding plaintiff possessed the requisite skill, experience, education and other job-related requirements where plaintiff worked at her position for fourteen years).

As to the second prong, Defendant argues that Plaintiff is not a qualified individual due to her request for additional leave. Defendants correctly note that an employee who needs long-term medical leave cannot work, and is thus, not a "qualified individual" under the ADA. *Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003). Additionally, a request for a multi-month leave of absence following the expiration of FMLA leave would prevent the employee from performing the

8

essential functions of the position. *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017).

Nevertheless, that is not quite what happened here. While Plaintiff did request additional leave after the conclusion of her FMLA in March 2023, Plaintiff simultaneously requested that she return to work with certain accommodations, per her medical provider. Such a request for accommodations indicates that Plaintiff could have performed the essential functions of her position. *See U.S. E.E.O.C. v. S & C Electric Co.*, 303 F.Supp.3d 687, 689 (N.D. Ill. 2018) (holding plaintiff was a "qualified individual" where plaintiff received long-term medical leave and requested to return to work); *see also Gray v. ManorCare Health Services, LLC*, No. 20 cv 2466, 2022 WL 16570962, at *4 (N.D. Ill. Nov. 1, 2022) (holding plaintiff was a "qualified individual" where plaintiff received long-term medical leave and sought a return to work with an accommodation). Despite this fact, Defendant did not respond to her request and terminated her. Construing the facts in a light most favorable to Plaintiff, at the time Defendant terminated her, Plaintiff was willing and able to work. Thus, Plaintiff has alleged sufficient facts to demonstrate she is a "qualified individual" under the ADA.

### 3. Adverse Employment Action

A qualified individual with a disability must also allege facts showing that she suffered an adverse employment action because of her disability. "An adverse employment action must be 'materially' adverse to be actionable, meaning more than a 'mere inconvenience or an alteration of job responsibilities.'" *Kersting v. Wal-Mart*

9

*Stores, Inc.,* 250 F.3d 1109, 1115 (7th Cir. 2001). Materially adverse changes include termination of employment, demotion, or a material loss of benefits. *Id.*; *Trahanas v. Northwestern University,* 64 F.4th 842, 856 (7th Cir. 2023) ("termination no doubt qualifies as an adverse action").

Here, Plaintiff alleges Defendant terminated her employment on March 6, 2023, at the conclusion of her medical leave, when she sought to return to work. Plaintiff additionally alleges her termination was motivated by her cancer diagnosis. Accordingly, Plaintiff also satisfies the third prong of her unlawful termination claim.

Based upon the above allegations, this Court denies Defendant's motion to dismiss Count One.

### C. Denial of Reasonable Accommodations

In Count Two, Plaintiff alleges Defendant refused to provide her with reasonable accommodations while she was employed, constituting discrimination under the ADA. To state a *prima facie* case for failure to accommodate under the ADA, a plaintiff must show that: (1) she is a qualified individual with a disability; (2) the employer was aware of the disability; and (3) the employer failed to reasonably accommodate the disability. *Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013). Plaintiff alleged sufficient facts to show that she was (at least at the time she sought accommodations) a qualified individual. Defendant also does not dispute it knew of her disability. Therefore, the Court will only address the third element— whether Defendant failed to reasonably accommodate Plaintiff's disability.

10

Under the ADA, an employer must make reasonable accommodations to a disabled employee's limitations, unless the employer can demonstrate that to do so would impose an undue hardship. *E.E.O.C. v. Sears, Roebuck & Co.,* 417 F.3d 789, 805 (7th Cir. 2010). The ADA defines a reasonable accommodation, in relevant part, as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable an individual with a disability who is qualified to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(ii). Reasonable accommodations include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations." 42 U.S.C. § 12111(9).

In *Torzeski v. COSCO Shipping Lines North America Inc.*, the plaintiff took medical leave and upon his return to the defendant employer, requested that he continue working from home in Chicago, close to his medical providers, and not the position's new location in New Jersey. 414 F.Supp.3d 1143, 1147 (N.D. Ill. 2019). The defendant did not entertain the plaintiff's request and fired the plaintiff. *Id.* There, the court wrote that allowing the plaintiff to work from Chicago would have plausibly allowed the plaintiff to perform the essential functions of his position, and that he had plausibly alleged a failure to accommodate under the ADA. *Id.* at 1150.

Similarly, in *Dusik v. Lutheran Child & Family Services of Illinois*, the defendant terminated plaintiff upon her exhaustion of her medical leave despite her belief that she could perform the essential functions of her job with the help of a knee

11

brace. No. 16 CV 10812, 2017 WL 1437045, at *1 (N.D. Ill. Apr. 24, 2017). The court held that due to the defendant's refusal to engage in the interactive process, and subsequent failure to uncover a reasonable accommodation, the plaintiff had plausibly alleged the defendant failed to reasonably accommodate her. *Id.* at *3.

Here, Plaintiff attempted to engage in the interactive process with Defendant to determine what accommodations would allow her to return to work. Plaintiff also requested accommodations in the form of temporary leave, working from home, or returning to work without lifting more than ten pounds. Plaintiff further alleges she would have been able to perform all her job functions with the lifting restrictions recommended by her physician. Despite this, Defendant did not engage and did not respond to her requests. Plaintiff plausibly could have performed the essential functions of her position had she worked from home or returned to work without lifting more than ten pounds.

Accordingly, the Court denies Defendant's motion to dismiss this claim.

**D.     Retaliation**

In Count Three, Plaintiff alleges that Defendant retaliated against her for her request for reasonable accommodations. Defendant moved to dismiss this claim for failure to state claim, arguing the October 2022 notice did not constitute an adverse employment action, and that Plaintiff's reliance on the March 2023 notice merely repackages her two prior claims. [18] at 11. On these issues, Plaintiff failed to respond or oppose Defendant's arguments. *See* [21]. Plaintiff's failure to respond or to defend her claim results in a waiver of such an argument. *Bonte v. U.S. Bank,*

*N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."). Plaintiff also appears to concede the point, writing that Plaintiff's complaint "properly states two claims upon which relief may be granted" while limiting argument to the first two claims. [21] at 5.

Accordingly, the Court dismisses Plaintiff's retaliation claim.

### IV. Conclusion

For the reasons explained above, this Court grants in part, and denies in part, Defendant's motion to dismiss, [17]. Namely, the Court grants Defendants' motion to dismiss the claim for retaliation (Count Three), but it denies the motion as to termination (Count One) and denial of reasonable accommodations (Count Two). The Court also denies without prejudice Defendant's request for judgment on the pleadings.

Dated: February 27, 2026                                  Entered:

                                                          _____
                                                          John Robert Blakey
                                                          United States District Judge